UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cr-187-MOC

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| GEORGE E. FISHER, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Early Termination of Probation/Supervised Release. (Doc. No. 4). Defendant's probation officer has informally communicated with the Court his opinion as to whether Defendant's supervision should be terminated early. For the following reasons, the motion is denied.

I. BACKGROUND AND DISCUSSION

Defendant's probation officer notes that, in support of his motion, Defendant reports that he has successfully completed more than three of the four years of his probation and that he is in full compliance with his terms and conditions of supervised release, in that he has not accrued any violations and maintains employment in the amount of more than thirty hours a week.

Defendant reports that, in addition to compliance, he volunteers for several community organizations. Defendant requests early termination so he can travel more for work, thereby potentially increasing his income. Defendant further reports that his travel to see his family is also limited by his current term of probation and cited an instance where him embarking for

1

travel would have been committed in violation lest he had not received approval from a supervisor.

Defendant's probation officer advises the Court that, under the officer's supervision, Defendant has been approved to travel out of the Western District of North Carolina on at least twelve occasions since January 2023, with two of those occasions being instances where the Court approved out-of-country travel. Defendant's travel has never been denied. In addition, Defendant and his probation officer have an arrangement where his travel is readily approved contingent on Defendant notifying this officer before embarking for travel. On at least three occasions, the probation officer has reiterated the same to Defendant. The probation officer further advises the Court that Defendant, on December 4, 2023, submitted an employment change wherein he reported that he no longer works at Enterprise Rental and Door Dash, and began working as a Medical Science Liaison making a gross monthly income of $1,800. Therefore, due to acceptable terms of travel within the United States that accommodates both his occupation as a Medical Liaison and his desire to visit his family, the probation officer opines that early termination of Defendant's probation would not be in the interest of justice because his current terms allow him to be fully employed and he enjoys flexibility to travel for work and leisure within the United States, and beyond.

Given Defendant's probation officer's response and arguments in opposition to early termination, the Court finds that Defendant's supervision will not be terminated early at this time.

In sum, Defendant's pro se Motion for Early Termination of Probation/Supervised Release, (Doc. No. 2), is **DENIED**.

Signed: September 23, 2024